USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Royal Hall,

Petitioner,

-against-

Christopher Miller, Superintendent of
Great Meadow Correctional Facility,

Respondent.

---------------------------------------------------------------X

21-cv-08409-PMH-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Petitioner Royal Hall, proceeding pro se, seeks the appointment of pro bono counsel in connection with his petition for a writ of habeas corpus. (Pet'r's Appl., ECF No. 32). For the reasons that follow, the application is **DENIED** without prejudice.

## DISCUSSION

There is no constitutional right to counsel in federal habeas proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). Rather, in its discretion, a court may appoint counsel for a financially eligible habeas petitioner when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). In exercising that discretion, courts apply the framework established by the Second Circuit for appointing counsel in civil cases. *See Pinson v. BOP*, 24-CV-1312 (MKV), 2025 WL 1663385, at *1 (S.D.N.Y. May 21, 2025); *Brown v. New York*, 22-CV-06371 (PAE) (VF), 2024 WL 422290, at *1 (S.D.N.Y. Jan. 23, 2024); *Tashbook v. Petrucci*, 20 Civ. 5318 (KMK)

(PED), 2021 WL 622382, at *1 (S.D.N.Y. Jan. 5, 2021).[1] Courts first consider whether the petitioner's claims are likely to be of substance. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). If that threshold is satisfied, courts consider such factors as the petitioner's ability to present the case, the complexity of the legal issues, the need for factual investigation or cross-examination, and whether appointment of counsel would likely lead to a just determination. *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

Here, Petitioner requests counsel based on the complexity of the legal issues, his limited financial resources, and his concern that he cannot adequately present his claims without legal representation. (Pet'r's Appl., ECF No. 32). Even assuming, without deciding, that Petitioner's claims satisfy the threshold requirement under *Cooper*, appointment of counsel is not warranted at this stage. The petition is fully briefed, and Petitioner has presented his claims and supporting arguments to the Court. No further submissions are presently required, and the Court has not determined that an evidentiary hearing or other proceedings that might require counsel are necessary. Accordingly, the Court finds that the interests of justice do not presently warrant appointment of counsel. *See Tashbook*, 2021 WL 622382, at *1–2.

## CONCLUSION

For these reasons, Petitioner's application for pro bono counsel (ECF No. 32) is **DENIED without prejudice**. Petitioner may renew his request if circumstances

---

[1] Copies of unreported cases cited in this Opinion have been mailed to Petitioner. *See Lebron v. Sanders*, 557 F.3d 76, 77–79 (2d Cir. 2009).

materially change, including if the Court orders other proceedings that warrant counsel.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32 and mail a copy of this Opinion & Order to Petitioner.

**SO ORDERED.**

DATED: White Plains, New York
November 4, 2026

VICTORIA REZNIK
United States Magistrate Judge